AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

__SOUTHERN__ DISTRICT OF __NEW YORK__

JENKENS & GILCHRIST PARKER CHAPIN LLP
and JENKENS & GILCHRIST, A
PROFESSIONAL CORPORATION,
  Plaintiffs,

V.

PC NEWCO LLC,
  Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **06 CV 9890**

JUDGE BATTS

TO: (Name and address of defendant)

PC NEWCO LLC
by and through its Managing Member, Aurora Cassirer
405 Lexington Avenue (7th Floor)
New York, NY 10174

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

KESTENBAUM, DANNENBERG & KLEIN, LLP (by Jeffrey C. Dannenberg, Esq.)
104 West 40th Street (20th Floor)
New York, NY 10018

OF COUNSEL:

MARSHALL & KELLOW, LLP (V. Elizabeth Kellow, Esq.)
4315 W. Lovers Lane
Dallas, Texas 75209-2803

an answer to the complaint which is herewith served upon you, within ____20 (twenty)____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_Jessica Doss_ (signature)

(BY) DEPUTY CLERK

OCT 17 2006

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JENKENS & GILCHRIST PARKER            06 Civ. 9890 (DAB)
CHAPIN LLP and
JENKENS & GILCHRIST,
A PROFESSIONAL CORPORATION,

                      Plaintiffs,
    -against-                                       **WAIVER OF SERVICE**
                                               **OF SUMMONS**

PC NEWCO LLC,

                      Defendant.

-----------------------------------------------------------x

TO:    Jeffrey C. Dannenberg, Esq.
         Kestenbaum, Dannenberg & Klein, LLP
         104 West 40th Street (20th Floor)
         New York, New York 10018


        I acknowledge receipt of your request that I waive service of a summons in the action of *Jenkens & Gilchrist Parker Chapin LLP v. PC Newco LLC*, Docket No. 06 Civ. 9890 (DAB) in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

        I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

        I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

        I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not

served upon you within 60 days after October 25, 2006, or within 90 days after that date if the request was sent outside the United States.

Dated October 25, 2006

_____
Name:
Title:

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the actions or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

2