IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
NEW YORK DIVISION

| | | |
|---|---|---|
| JENKENS & GILCHRIST PARKER CHAPIN LLP and JENKENS & GILCHRIST, A PROFESSIONAL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>PC NEWCO LLC,<br><br>Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO.<br>06 CV 9890 (DAB)<br>**ECF** |

**PLAINTIFFS' ORGINAL ANSWER TO ORIGINAL COUNTERCLAIMS**

Plaintiffs Jenkens & Gilchrist Parker Chapin LLP and Jenkens & Gilchrist, A Professional Corporation (collectively, "Plaintiffs" or "Jenkens") file their Original Answer to the Original Counterclaims filed by Defendant PC Newco LLC ("Defendant" or "Newco"), as follows:

35.    In answer to paragraph 35 of the Counterclaims, Plaintiffs admit Newco is a limited liability company organized under the laws of the State of New York but deny knowledge or information sufficient to form a belief about the truth or falsity of citizenship of its members.

36.    In answer to paragraph 36 of the Counterclaims, Plaintiffs admit Jenkens & Gilchrist Parker Chapin LLP is a limited liability partnership organized under the laws of the State of New York and its two partners are citizens of Texas.

37.    In answer to paragraph 37 of the Counterclaims, Plaintiffs admit Jenkens & Gilchrist, A Professional Corporation is a professional corporation organized under the laws of Texas with its principal place of business in Texas.

**-1-**

38.    In answer to paragraph 38 of the Counterclaims, Plaintiffs admit, on information and belief based upon the mere allegations by Newco, that the amount in controversy in the Counterclaims, exclusive of interest and costs, exceeds $75,000.

39.    In answer to paragraph 39 of the Counterclaims, Plaintiffs admit this Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. § § 1332 and 1367(a).

40.    In answer to paragraph 40 of the Counterclaims, Plaintiffs admit that the Separation Agreement at section 3 describes and defines the "NY Inventory." Except as admitted, Plaintiffs refer the Court to the precise language of the Separation Agreement and its terms and deny the remaining allegations of paragraph 40 of the Counterclaims.

41.    In answer to paragraph 41 of the Counterclaims, Plaintiffs admit that on or about April 4, 2005, a schedule was prepared that listed, by attorney, client name and number and matter number, the fees, client expenses and disbursements and on-account cash amounts that were included in the NY Inventory as of March 31, 2005 and which would be governed by the Separation Agreement. Plaintiffs deny the remaining allegations of paragraph 41 of the Counterclaims.

42.    In answer to paragraph 42 of the Counterclaims, Plaintiffs refer the Court to the terms and provisions of section 6(g) of the Separation Agreement and otherwise deny the allegations of paragraph 42 of the Counterclaims.

43.    In answer to paragraph 43 of the Counterclaims, Plaintiffs admit that certain fees were received and retained by Plaintiffs by September 16, 2005, consistent with the terms and provisions of the Separation Agreement. Plaintiffs deny that they

have improperly retained any amounts and deny the remaining allegations in paragraph 43 of the Counterclaims.

44.    In answer to paragraph 44 of the Counterclaims, Plaintiffs admit that of the amounts reported by Defendant as having been collected on the NY Inventory, assuming such are complete and accurate, Defendant has collected approximately $6.4 million in Net Fees on the NY Inventory.  As to the remaining allegations in paragraph 44 of the Counterclaims, Plaintiffs deny knowledge or information sufficient to form a belief about the truth or falsity of the total amounts and./or consideration received and retained by Defendant

45.    In answer to paragraph 45 of the Counterclaims, Plaintiffs refer the Court to the precise terms and provisions of section 6(f) of the Separation Agreement and otherwise deny the allegations of paragraph 45 of the Counterclaims.

46.    Plaintiffs deny the allegations contained in paragraph 46 of the Counterclaims.

47.    Plaintiffs deny the allegations contained in paragraph 47 of the Counterclaims.

48.    Plaintiffs deny the allegations contained in paragraph 48 of the Counterclaims.

49.    Plaintiffs deny the allegations contained in paragraph 49 of the Counterclaims.

50.    Plaintiffs deny the allegations contained in paragraph 50 of the Counterclaims.

51.    Plaintiffs deny the allegations contained in paragraph 51 of the Counterclaims.

52.    In answer to paragraph 52 of the Counterclaims, Plaintiffs repeat and reallege their answers to paragraphs 35-51 as if fully set forth herein.

53.    In answer to paragraph 53 of the Counterclaims, Plaintiffs refer the Court to the precise language, terms, provisions and context of section 5 of the Separation Agreement and otherwise deny the allegations contained in this paragraph of the Counterclaims.

54.    In answer to paragraph 54 of the Counterclaims, Plaintiffs refer the Court to the precise language, terms, provisions and context of section 5(c) of the Separation Agreement and otherwise deny the allegations contained in this paragraph of the Counterclaims.

55.    In answer to paragraph 55 of the Counterclaims, Plaintiffs admit that JGPC represented the plaintiff class in a class action pending in the United States District Court for the Southern District of New York. Plaintiffs deny the remaining allegations in paragraph 55 of the Counterclaims.

56.    In answer to paragraph 56 of the Counterclaims, Plaintiffs admit that a client paid JGPC a fixed or flat fee amount of $250,000 for case monitoring and/or settlement administration services rendered from April 1, 2004 through March 31, 2005, which fee was fully earned as of March 31, 2005.    Plaintiffs deny the remaining allegations in paragraph 56 of the Counterclaims.

57.    In answer to paragraph 57 of the Counterclaims, Plaintiffs admit that a client paid JGPC a fixed or flat fee amount of $250,000 for case monitoring and/or settlement administration services rendered from April 1, 2004 through March 31, 2005,

which fee was fully earned as of March 31, 2005. Plaintiffs deny the remaining allegations in paragraph 57 of the Counterclaims.

58.    Plaintiffs deny the allegations in paragraph 58 of the Counterclaims.

59.    Plaintiffs deny the allegations in paragraph 59 of the Counterclaims.

60.    In answer to paragraph 60 of the Counterclaims, Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity about the services that may have been rendered or payments received by Defendant or its members for client services rendered after April 1, 2005.

61.    In answer to paragraph 61 of the Counterclaims, Plaintiffs admit that after April 1, 2005, Aurora Cassirer requested that Plaintiffs pay over to Troutman Sanders certain sums she claimed were an advance payment for monitoring compliance under the settlement. Other than as specifically admitted, Plaintiffs deny the allegations in paragraph 61 of the Counterclaims.

62.    Plaintiffs deny the allegations in paragraph 62 of the Counterclaims.

63.    Plaintiffs deny the allegations in paragraph 63 of the Counterclaims.

64.    Plaintiffs admit that Defendant may be requesting the stated relief from this Court, but Plaintiffs deny that Defendant is entitled to such relief and deny any remaining allegations in paragraph 64 of the Counterclaims.

65.    In answer to paragraph 65 of the Counterclaims, Plaintiffs repeat and reallege their answers to paragraphs 35 through 64 of the Counterclaims as if fully set forth herein.

66.    In answer to paragraph 66 of the Counterclaims, Plaintiffs refer the Court to the precise language, terms, provisions and context of section 4 of the Separation

Agreement and otherwise deny the allegations contained in this paragraph of the Counterclaims.

67.     In answer to paragraph 67 of the Counterclaims, Plaintiffs admit that Charles Greenman planned a trip to India and had Plaintiffs pre-pay for his airfare for business, if any, that was developed for the benefit of Troutman Sanders and not Plaintiffs. Except as specifically admitted, Plaintiffs deny the allegations in paragraph 67 of the Counterclaims.

68.     Plaintiffs deny the allegations of paragraph 68 of the Counterclaims.

69.     Plaintiffs admit that the "Greenman travel expense" was charged back to Defendant on a line-item called "Business Development Greenman" because it was not a proper obligation of Plaintiffs. Plaintiffs deny the remaining allegations of paragraph 69 of the Counterclaims.

70.     Plaintiffs deny the allegations of paragraph 70 of the Counterclaims.

71.     In answer to paragraph 71, Plaintiffs repeat and reallege their answers to paragraphs 35 through 70 of the Counterclaims as if fully set forth herein.

72.     In answer to paragraph 72 of the Counterclaims, Plaintiffs refer the Court to the to the precise language, terms, provisions and context of section 6(g) of the Separation Agreement and otherwise deny the allegations contained in this paragraph of the Counterclaims.

73.     Plaintiffs deny the allegations of paragraph 73 of the Counterclaims.

74.     Plaintiffs deny the allegations of paragraph 74 of the Counterclaims.

75.     Plaintiffs deny the allegations of paragraph 75 of the Counterclaims.

76.     In answer to paragraph 76 of the Counterclaims, Plaintiffs deny knowledge or information to admit the truth or falsity of Newco's allegation that it

"remitted said funds to RC in consideration of RC's assignment to Newco of the claim for such payment from Jenkins [sic] and JGPC."

77.    Plaintiffs deny the allegations of paragraph 77 of the Counterclaims.

78.    In answer to paragraph 78 of the Counterclaims, Plaintiffs repeat and reallege their answers to paragraphs 35 through 77 of the Counterclaims as if fully set forth herein.

79.    In answer to paragraph 79 of the Counterclaims, Plaintiffs admit that Section 6(k) of the Separation Agreement provides that "Newco and JGPC shall each be entitled to a reasonable accounting of the collections hereunder."

80.    In answer to paragraph 80 of the Counterclaims, Plaintiffs admit that Newco has demanded a reasonable accounting by Plaintiffs, but, unlike Newco, Plaintiffs regularly (generally, daily or weekly) have provided Defendant with reports that list, by attorney and client number and matter number, each client invoice in the NY Inventory that was paid, showing the check or wire transfer number by which such invoice was paid, in whole or in part. Plaintiffs further admit that Defendant sometimes requested additional information or documentation and Plaintiffs provided the requested information or documentation on each such occasion, and no request from Defendant to Plaintiffs for additional information or documentation has gone unsatisfied. Except as specifically admitted, Plaintiffs deny the allegations in paragraph 80 of the Counterclaims.

## AFFIRMATIVE DEFENSES

1.    Defendant's claims are barred, in whole or in part, by the language and terms of the Separation Agreement.

2.    Plaintiffs incorporate by reference their allegations in their Original Complaint and paragraphs 35-80 in this Answer. Defendant's claims are barred, in whole or in part, by its prior material breach of the Separation Agreement.

3.    Plaintiffs incorporate by reference their allegations in their Original Complaint and paragraphs 35-80 in this Answer. Defendant's claims are barred, in whole or in part, by waiver and/or estoppel, including equitable estoppel, quasi-estoppel and estoppel in pais.

4.    Plaintiffs incorporate by reference their allegations in their Original Complaint and paragraphs 35-80 in this Answer. Defendant's claims are barred, in whole or in part, by ratification.

5.    Plaintiffs incorporate by reference their allegations in their Original Complaint and paragraphs 35-80 in this Answer. Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Relief Requested

Plaintiffs respectively pray that upon hearing or final trial hereof, an order and/or judgment be entered in favor of Plaintiffs and against Newco for the following:

1.    denying all relief sought by Newco;

2.    granting JGPC a reasonable accounting of the collections under the Separation Agreement;

3.    granting JGPC specific performance by Newco of a reasonable accounting of the collections under the Separation Agreement;

4.    granting JGPC and Jenkens a declaration by the Court, as requested above, including for any damages to which Plaintiffs may be entitled;

5.    awarding JGPC and Jenkens their reasonable and necessary attorneys' fees, as may be recoverable in law or in equity;

6.     awarding JGPC and Jenkens all costs of court; and

7.     granting JGPC and Jenkens all such other and further relief, at law or in equity, to which they are justly entitled.

Dated: New York, New York

January 11, 2007

Respectfully submitted,

Jeffrey C. Dannenberg
Federal Bar No. JD-3270
KESTENBAUM, DANNENBERG & KLEIN, LLP
104 West 40th Street, 20th Floor
New York, New York 10018
Telephone: (212) 486-3370
Facsimile: (212) 486-3371

**OF COUNSEL:**

V. Elizabeth Kellow
Texas State Bar No. 11213750
MARSHALL & KELLOW, LLP
4315 W. Lovers Lane
Dallas, Texas 75209-2803
Telephone: (214) 956-0200
Facsimile: (214) 956-0053
*Pro Hac Vice Motion Pending*

**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JENKENS & GILCHRIST PARKER                      06 Civ. 9890 (DAB)
CHAPIN LLP and
JENKENS & GILCHRIST,                            *ECF CASE*
A PROFESSIONAL CORPORATION,

                              Plaintiffs,

              -against-                          **AFFIRMATION BY
                                                PLAINTIFFS' COUNSEL**
PC NEWCO LLC,

                              Defendant.

----------------------------------------------------------x

        **JEFFREY C. DANNENBERG**, pursuant to 28 U.S.C. § 1746, declares

as follows:

        1.      I am a member of the firm of Kestenbaum, Dannenberg & Klein,

LLP, attorneys for plaintiffs in the above-entitled action, and I am fully familiar with the

facts set forth herein.  I make this declaration in support of the filing of Plaintiffs'

Original Answer to Original Counterclaims, dated January 11, 2007.

        2.      An attempt to file the above-referenced pleading on January 11,

2007, the date on which it was due for filing, was prevented due to an interruption of the

ECF Service within this Court.  Upon learning of a problem with the electronic filing of

that pleading, I communicated with Mr. Daniel D'Avanzo in the Clerk's Office, who

emailed me a Notice by the Court's "POC Coordinator" to the effect that, because the

Court would be upgrading its ECF software, the ECF Service would be unavailable from

late in the day on January 11 through early in the morning on January 16. A copy of that email and Notice is annexed hereto.

3.    As a result of the foregoing, plaintiffs' pleading is being submitted herewith on the first available date following restoration of the ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of January, 2007.

_____
Jeffrey C. Dannenberg (JD-3270)

KESTENBAUM, DANNENBERG & KLEIN, LLP
104 West 40th Street (20th Floor)
New York, NY 10018
Telephone:  (212) 486-3370
Facsimile:   (212) 486-3371

**OF COUNSEL:**

V. Elizabeth Kellow
Texas State Bar No. 11213750
MARSHALL & KELLOW, LLP
4315 W. Lovers Lane
Dallas, Texas  75209-2803
Telephone:  (214) 956-0200
Facsimile:   (214) 956-0053
*Pro Hac Vice Motion Pending*

**ATTORNEYS FOR PLAINTIFFS**

## Jeffrey Dannenberg

**From:**    Daniel_DAvanzo@nysd.uscourts.gov
**Sent:**    Thursday, January 11, 2007 6:33 PM
**To:**      Jeffrey Dannenberg
**Subject:** Fw: SDNY/ECF: Service Interruption Notice for January 11-16, 2007

Dan D'Avanzo
United States Federal Courts/Southern District
CM/ECF Help Desk
212-805-0714
Daniel_D'Avanzo@nysd.uscourts.gov
----- Forwarded by Daniel D'Avanzo/NYSD/02/USCOURTS on 01/11/2007 06:31 PM -----

| | | |
|---|---|---|
| **NYSDdb_ECF POC** <br> Sent by: POC_Admin NYSD <br><br> 01/05/2007 02:49 PM | To | NYSD_Clerk's_Office_Manhattan, NYSD_Courtroom_Deputies_Manhattan, NYSD_District_Executive's_Ofc__All, NYSD_Docketing_Manhattan, NYSD_Finance_Manhattan, NYSD_Judges_District__All, NYSD_Judges_Magistrate__All, NYSD_Judgments, NYSD_Jury_WhitePlains, NYSD_Law_Clerks__AllChambers, NYSD_MAG_law_clerks__ALL, NYSD_Mediation@USCOURTS, NYSD_Pro_Se, NYSD_Pro_Se_Staff_Attorneys, NYSD_Secretaries_ALL, <br><br> NYSD_Training_Manhattan, NYSD_WhitePlains__All |
| | cc | |
| | Subject | SDNY/ECF: Service Interruption Notice for January 11-16, 2007 |

The United States District Court
Southern District of New York
Electronic Case Filing Program
www.nysd.uscourts.gov

## ECF SERVICE INTERRUPTION NOTICE: UPGRADE TO ECF VERSION 3.0

## From Thursday, January 11, 2007, at 6:00 PM

## to Tuesday, January 16, 2007, at 8:30 AM

Please be advised the Southern District Court's Electronic Case Filing (ECF) computer system will be out of service during the time period described above.
The Court will use this time to upgrade the ECF computer system to version ECF 3.0.

**You will be unable to view or file documents on the ECF system (or PACER) until the system is restored.**

The Court is fully aware of the inability of outside parties to electronically file documents during an ECF Service Interruption.

In accordance with the Court's PROCEDURES FOR ELECTRONIC CASE FILING, section 11, if you are unable to electronically file due a technical difficulty, including an ECF Service Interruption, follow the steps below:

**(a)** Do not attempt to file paper documents in electronic cases except for emergency filings (eg. Temporary

Restraining Order).  The Clerk will be unable to accept routine paper filings in ECF cases.

**(b)** Electronically file your document as soon as the ECF system is back in service, and

**(c)** If you miss a filing deadline because of a technical difficulty, make the record complete by electronically filing a statement explaining why the filing was "late" (you may include a copy of this message).  File that statement as a pdf attachment to the filed document.

What can you do when the ECF system is unavailable?  You can start a new civil action by filing paper documents at the courthouse, and you can email stipulations and proposed orders to the Clerk for the court's consideration.

We apologize for any inconvenience this may cause.

Please share this email with others in your organization.

Questions concerning Electronic Case Filing (ECF) may be directed to the **ECF HELP DESK** at (212)805-0800, Monday through Friday, from 8:30 AM to 7:00 PM.

Robert Rogers
POC Coordinator

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                      ) ss.:
COUNTY OF NEW YORK  )

      JEFFREY C. DANNENBERG, being duly sworn, deposes and says:

      I am not a party to this action, am over the age of 18 years and reside in Westport, Connecticut.

      On January 11, 2007, I served the within PLAINTIFFS' ORIGINAL ANSWER TO ORIGINAL COUNTERCLAIMS upon:

          TOFEL & PARTNERS, LLP
          *Attorneys for Defendant*
          800 Third Avenue
          New York, NY 10017

by transmitting the same to said attorneys at the addresses shown, said addresses being designated by them for that purpose, by depositing a true copy thereof in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                     Jeffrey C. Dannenberg

Sworn to before me this
11th day of January, 2007

Notary Public

MICHAEL H. KLEIN
Notary Public, State of New York
No. 02KL5044568
Qualified in New York County
Commission Expires May 30, ~~1997~~ 2007